

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:98CR87

DAVID M. SCATES

**MEMORANDUM OPINION**

David M. Scates, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("Successive § 2255 Motion," ECF No. 243). For the reason set forth below, the Successive § 2255 Motion will be dismissed as moot in light of President Obama's commutation of Scates's sentence.

## I. FACTUAL AND PROCEDURAL HISTORY

Scates is serving a sentence for possession of cocaine (Count Two) and possession of a firearm by a convicted felon (Count Six). (ECF No. 75.) Scates was subject to an enhanced sentence on Count Two under the Armed Career Criminal Act ("ACCA"). (ECF No. 239 ¶ 60.) The Court sentenced Scates one year on Count Two to run concurrently with the 293-month sentence imposed on Count Six. (ECF No. 75.)

Over the years, the Court has denied a host of post-conviction motions filed by Scates. (See, e.g., ECF Nos. 147, 148, 186, 187, 203, 204.) On July 29, 2016, the United States Court of Appeals for the Fourth Circuit granted Scates to authorization to file a successive 28 U.S.C. § 2255 motion in

light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). On August 24, 2018, Scates filed his Successive § 2255 Motion. (ECF No. 243.) In his Successive § 2255 Motion, Scates contends that, in light of the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), his prior burglary convictions fail to qualify as predicate offenses for an enhanced sentence under ACCA. (ECF No. 243, at 7-12.)

On January 19, 2017, former President Barack Obama commuted Scates's sentence so that his sentence would expire on January 19, 2019. (ECF No. 258, at 1, 3.) By Memorandum Order entered on January 24, 2018, the Court directed the parties to brief the impact of the commutation order on Scates's Successive § 2255 Motion. (ECF No. 261.) The parties have responded. (ECF Nos. 262-65.)

## II. ANALYSIS

In United States v. Surratt, 855 F.3d 218 (4th Cir.), cert. denied, 138 S. Ct. 554 (2017), the Fourth Circuit, sitting en banc, "held that the President's commutation of a federal prisoner's mandatory life sentence to a term of 200 months' imprisonment rendered moot his appeal in an action challenging his original mandatory life sentence." Blount v. Clarke, 890 F.3d 456, 459 (4th Cir. 2018) (citing Surratt, 855 F.3d at 219). The majority . . . conclude[ed] that [it] could not disturb

Surratt's presidentially commuted sentence based on his claim that he was improperly subjected to a mandatory minimum life sentence at his original sentencing hearing." Id. at 462 (citing Surratt, 855 F.3d at 219).

Judge Wilkinson explained the logic behind this conclusion:

> [Surratt] is . . . no longer serving a judicially imposed sentence, but a presidentially commuted one. The President's commutation order simply closes the judicial door. Absent some constitutional infirmity in the commutation order, which is not present here, we may not readjust or rescind what the President, in the exercise of his pardon power, has done.
> It matters not whether we believe the commutation was too lenient or not lenient enough. We are simply without power to inject ourselves into the lawful act of a coordinate branch of government—one that Surratt willingly agreed to—and supersede a presidential pardon or commutation with a contravening order of our own. After all, "[i]t would be a curious logic to allow a convicted person who petitions for mercy to retain the full benefit of a lesser punishment with conditions, yet escape burdens readily assumed in accepting the commutation which he sought." Schick v. Reed, 419 U.S. 256, 267, 95 S.Ct. 379, 42 L.Ed.2d 430 (1974). Surratt "cannot complain if the law executes the choice he has made," id. at 265, 95 S.Ct. 379 (quoting Ex parte Wells, 59 U.S. 18 How. 307, 315, 15 L.Ed. 421 (1855)), even if my dissenting colleague thinks he made a "bad bargain" by accepting the commuted sentence, id. at 259, 95 S.Ct. 379.

Surratt, 855 F.3d at 219-20 (second alteration in original) (Wilkinson, J., concurring); see Blount, 890 F.3d at 462 (adopting Judge Wilkinson's explanation of the decision in Surratt).

Scates, like Surratt, is "no longer serving a judicially imposed sentence, but a presidentially commuted one. The President's commutation order simply closes the judicial door."

3

Surratt, 855 F.3d at 219 (Wilkinson, J., concurring). Although Scates appears not to like the bargain he struck in accepting the commutation, he fails to demonstrate any constitutional infirmity in the commutation order that would permit him to continue this judicial attack on his sentence.[1] Id. Accordingly, the Successive § 2255 Motion will be dismissed as moot. Scates's outstanding motions (ECF Nos. 255, 264) will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Scates and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 3, 2018

---

[1] Scates unpersuasively argues that it would somehow be unfair or unconstitutional not to examine the merits of his Successive § 2255 Motion. (ECF Nos. 263, 265.) Scates, however, fails to direct the Court to any authority to support this contention or to demonstrate that there is a constitutional infirmity in the commutation order.

4